

SOUTHERN DISTRICT OF MISSISSIPPI
FILED
NOV 30 2018
ARTHUR JOHNSTON
BY_____ DEPUTY

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

NENA MCMILLIN                          PLAINTIFF

v.                    CIVIL ACTION NO.: 5:18-cv-129-DCB-MTP

STATE FARM MUTUAL AUTOMOBILE
INSURANCE COMPANY AND
ABC CORPORATION 1-10                          DEFENDANT

TO:    Edward C. Walker, Clerk
        Adams County Circuit Court
        115 S. Wall Street
        Natchez, MS 39120
        **Adams County Circuit Clerk**

        Matthew L. Devereaux
        The Bezou Law Firm
        534 East Boston Street
        Covington, Louisiana 70433
        **Attorney for Plaintiff**

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, defendant State Farm Mutual Automobile Insurance Company hereby removes this action and gives notice of the removal of this action from the Circuit Court of Adams County, Mississippi, to the United States District Court for the Southern District of Mississippi, Western Division. As grounds for this removal, this defendant states as follows:

This action was commenced on or about January 12, 2018, by the filing of a complaint in Civil Action No. 18-KV-0005-J in the Circuit Court of Adams County, Mississippi. A true and correct copy of all process, pleadings and orders served upon this defendant in this action is attached to this Notice of Removal as collective Exhibit "A" and is incorporated herein by

reference.

Defendant State Farm Mutual Automobile Insurance Company, was served with process on or about February 23, 2018.

The plaintiff also originally named Jane Doe, a minor, through her mother Tashekia Carter- Richard as a defendant. Jane Doe was alleged to be a Mississippi resident. Complaint, ¶2. Jane Doe was dismissed from the action on November 7, 2018. Exhibit B.

This action is one of a civil nature, wherein the United States District Court for the Southern District of Mississippi, Western Division, has jurisdiction pursuant to 28 U.S.C. §§ 1332, 1441 and 1446.

Pursuant to 28 U.S.C. § 1446(d), all adverse parties are being provided with written notice of removal, and a copy of this notice of removal is being filed with the Clerk of the Circuit Court of Adams County, Mississippi.

**Grounds for removal**

**A. Diversity jurisdiction**

Removal of this action to federal court is proper under 28 U.S.C. § 1332(a)(1)[1] and 28 U.S.C. §1441(b)[2] because there is diversity of citizenship between the plaintiff and the defendant. The complaint provides that the plaintiff is a resident of the State of Louisiana. See complaint,

---

[1] Title 28 U.S.C. § 1332, provides in part:

(a) The district court shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000 . . . and is between ---
(1) citizens of different States

[2] Title 28 U.S.C. § 1441(b)(2) provides that state court actions may be removed on the basis of diversity of citizenship as long as the defendants joined and served are not a "citizen of the State in which such action is brought."

¶1. The defendant, is incorporated, organized and existing under the laws of the State of Illinois, with its principal place of business in the State of Illinois, and therefore, it is a citizen of the State of Illinois, pursuant to 28 U.S.C. § 1332(c)(1). Thus, the parties are diverse, and the requirement of diversity of citizenship for federal jurisdiction under 25 U.S.C. § 1441(b) is met.

### B. Amount in controversy

For removal based on diversity jurisdiction, the amount in the controversy must exceed the jurisdictional amount of $75,000. 28 U.S.C. § 1332(a). District courts have two methods to determine the amount in controversy. *Allen v. R & H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir. 1995). Removal is proper if it is facially apparent from the complaint that the plaintiff's claims are likely above $75,000. *Id.* If not, a removing party "may support federal jurisdiction by setting forth the facts in controversy . . . that support a finding of the requisite amount." *Id.*; *see also*. A party can satisfy its burden of proof for the existence of federal jurisdiction by also presenting factually similar cases in which jury verdicts significantly exceeded the federal minimum jurisdictional amounts. *Beichler v. Citigroup, Inc.*, 241 F. Supp. 2d 696, 701 (S.D. Miss. 2003); *see also Smith v. Associates Capital Bank*, 1999 WL 33537131, *6 (N.D. Miss.)(holding jurisdictional amount burden was met when defendants cited two factually similar cases in which jury verdicts significantly exceeded minimum jurisdictional amount).

### 1. The allegations of the Complaint demonstrate that the amount in controversy exceeds $75,000.

The plaintiff claims that on November 3, 2016, Jane Doe ran into the rear of the plaintiff's vehicle on Sgt. Prentiss Drive in Adams County, Mississippi. See Complaint. The plaintiff alleges that as a result of the collision, "she sustained serious injuries," including

"substantial physical pain and suffering, physical injury, mental anguish, emotional distress, and lost wages." The plaintiff alleges in her complaint that she is entitled to a judgment against State Farm for "all damages sustained by McMillin resulting from the negligence of Jane Doe." Complaint, ¶ 23.

The plaintiff alleges that at the time of the accident at issue, she was an insured under a State Farm insurance policy number 309199918, which provides uninsured motorist coverage to her. That policy provides uninsured / underinsured bodily injury liability limits of $250,000 per person. Exhibit C.

The plaintiff explained in a recent deposition that the injuries alleged in her complaint include injuries to her rotator cuff, neck, and back. Exhibit D, p.9. She sought treatment for those injuries at the emergency room on the day of the accident, and received treatment from a chiropractor, 2 orthopedic doctors and a neurosurgeon. Exhibit D, pp. 30, 34-41, 55-56. The injury to her shoulder required surgery. Exhibit D, pp.44-5. The plaintiff claims that she continues to have significant problems with her neck and back, that there has been some discussion with her doctor about those injuries requiring surgery, and that those injuries continue to limit her in her activities. Exhibit D, pp. 47-50, 55-56, 60-61.

Allegations similar to these have been held to establish, on their face, that the amount in controversy exceeds the jurisdictional minimum requirement. In *Gebbia v. Wal-Mart Stores, Inc.*, the court considered the removal of a slip and fall case. 233 F. 3d 880 (5th Cir. 2000). The plaintiff alleged injuries to her wrist, knee, and back. *Gebbia*, 233 F.3d at 881. On appeal of a motion to remand, the Fifth Circuit affirmed the district court's denial of the motion to remand, finding that the plaintiff's allegation of damages for medical expenses, physical pain and

suffering, mental anguish and suffering, loss of enjoyment of life, loss of wages and earning capacity, and permanent disability and disfigurement made it facially apparent that the plaintiff's claimed damages exceeded $75,000. *Id.* at 883.

The plaintiff here similarly alleges claims for "serious injuries, . . . substantial physical pain and suffering, physical injury, mental anguish, emotional distress, and lost wages." The plaintiff's injuries and damages alleged in the complaint sufficiently demonstrate that the amount in controversy exceeds the $75,000 threshold for federal diversity jurisdiction.

### 2. Factually similar cases demonstrate that the amount in controversy exceeds federal minimum jurisdictional amounts.

Judgments awarded to plaintiffs in similar cases have exceeded $75,000. In *McNeil v. Bourn*, a truck driver's pre-existing back injury was aggravated by a car accident. 721 So. 2d 663, 669-70 (Miss. Ct. App. 1998) A $121,000 judgment in favor of the truck driver was affirmed by the Mississippi Court of Appeals. *Id.* at 664.

In *Stratton v. Webb*, the plaintiff claimed back and neck injuries from a rear-end collision. 513 So. 2d 587, 588 (Miss. 1987). The jury awarded the plaintiff $245,000 and the Mississippi Supreme Court affirmed a remittitur of $100,000. *Id.*

These factually similar cases with judgments that exceed the federal minimum for federal jurisdiction demonstrate that the amount in controversy in the present case is likewise in excess of the federal minimum jurisdictional amount. Thus, the amount in controversy is satisfied for removal to this court.

## C. Timeliness

Title 28 U.S.C. § 1446(b)[3] governs the time period for removal and provides that a defendant has thirty days from the day a defendant receives a "copy of an amended pleading, motion, order, or other paper from which it may first be ascertained that the case is one which is or has become removable . . ." This Notice of Removal is timely because it is being filed within thirty days of November 20, 2018, the date this defendant received a copy of the Stipulation of Dismissal of the Mississippi defendant. Exhibit B.

Within 14 days, this defendant will file the entire state court record.

This the 30th day of November, 2018.

Respectfully submitted,

STATE FARM MUTUAL AUTOMOBILE
INSURANCE COMPANY

By: _____
Lanny R. Pace, Miss. Bar no. 9996

---

[3] Title 28 U.S.C. § 1446(b) states:

> The notice of removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant . . . of a copy of the initial pleading setting forth the claim for relief . . .
>
> If the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant . . .of a copy of an amended pleading, motion, order, or other paper from which it may first be ascertained that the case is one which is or has become removable . . .

OF COUNSEL:

STEEN DALEHITE & PACE, LLP
401 East Capitol Street, Suite 415
Post Office Box 900
Jackson, Mississippi 39205
Telephone: (601) 969-7054
Facsimile: (601) 353-3782

## CERTIFICATE OF SERVICE

I, Lanny R. Pace, do hereby certify that I have this day forwarded via United States mail, postage prepaid, a true and correct copy of the foregoing document to:

Matthew L. Devereaux
The Bezou Law Firm
534 East Boston Street
Covington, Louisiana 70433
**Attorney for Plaintiff**

Edward C. Walker, Clerk
Adams County Circuit Court
115 S. Wall Street
Natchez, MS 39120
**Adams County Circuit Clerk**

This the 30th day of November, 2018.

_____
Lanny R. Pace